IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND (GREENBELT)

| | |
|---|---|
| In re: | ) |
| | ) |
| LaWonne Eleanora Ager-Wells | ) Case No.:18-11082 (TJC) |
| a/k/a LaWonne Booker | ) |
| | ) |
| Debtor. | ) Chapter 13 |
| | ) |

### CITY OF GREENBELT, MARYLAND'S OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN

The City of Greenbelt, Maryland (hereinafter "Greenbelt"), by and through undersigned Counsel, hereby files its Objection to the Chapter 13 Plan of Confirmation of the Debtor, LaWonne Eleanora Ager-Wells, formerly known as LaWonne Booker, (hereinafter "Debtor" or "Booker"), as states as follows:

### I. **PRELIMINARY STATEMENT**.

(A). The City of Greenbelt, Maryland is the largest unsecured creditor of Debtor in this Chapter 13 proceeding. The City owns commercial office and flex space wherein Debtor operates a commercial enterprise, namely an adult daytime care center. Debtor has, over the last several years, been habitually delinquent in her rent payments to Greenbelt. Greenbelt has filed a proof of claim in this proceeding in the amount $59,735.80, which represents unpaid pre-petition rent due Greenbelt from Debtor. The Debtor's Plan contains no provision for providing the City of Greenbelt adequate protection payments for the delinquent pre-petition rent. Additionally, the Debtor's Chapter 13 Plan filing contains examples of material misrepresentations and omissions of relevant financial data, such that Debtor's true financial picture is skewed to the extent that the Plan and this Proceeding can be labeled as filed in bad faith. [1]

### II. **OVERVIEW OF DEBTOR'S PLAN**

(A). **Debtor's Chapter 13 Plan Document**.

---

[1] Greenbelt has filed a Motion for Determination that No Stay in Bankruptcy Is In Effect, or, alternatively, for Relief From Stay. Greenbelt incorporates herein by reference all facts and arguments contained in that Motion.

1

The Debtor's Plan proposes payments of $194.11 monthly, including administrative, priority unsecured and unsecured claims, over a period of five (5) years. Debtor is operating her commercial business in the City's Property currently, post-Petition. Nevertheless, Debtor concedes that it possesses no Executory Contracts or Unexpired Lease to Assume or Reject, (See Plan page 5, ¶7), yet Debtor's actions are to continue occupying Greenbelt's Property without any apparent intention to leave. [2] Debtor is wrongfully holding over in the City's facility.

(B). **Debtor's Summary of Assets and Liabilities (Form 106SUM)**

Debtor lists as assets, Personal Property in the sum of $29,568.00 against total Creditor claims and liabilities of $84,814.12, evidencing both a negative net worth and a negative net monthly income, (See Page 1, Parts 1-3). Debtor then makes the assertion that her debts are primarily consumer debts, (Page 1, Part 4), which is certainly untrue, as the vast majority of her debt is unpaid commercial rent due to the City of Greenbelt. Debtor's current unsubstantiated monthly income is $1,250.00, which sum is insufficient to pay for the rent and upkeep of her current business in Greenbelt's Community Center. (Page 2).

Debtor then values her personal property assets at $18,078.00 (Pages 3-5), and claims that she has a Security Deposit of $13,000.00. This assertion as to the amount of the security deposit is both untrue and intentionally misleading. The Security deposit held by Greenbelt is one month's rent in the sum of $3,026.34, and that sum is unchanged from 2005 when the Security Deposit was placed. (See Exhibits # 1 and #2 attached hereto). [3] Also, Debtor admits the Lease terms originally signed in 2005 with Greenbelt (Page 13, §4.3; Page 20, Schedule G,1.).

Debtor then values her Office Equipment, Furnishings and Supplies in the gross, undocumented amount of $5,000.00. (Page 7,¶39).  These assets are apparently used in the operation of Debtor's business in Greenbelt, but these assets are not exempted by the Debtor. (Pages 9-10, Schedule C). Without retaining the Office Equipment, it is inconceivable how Debtor plans to rehabilitate her business, as her entire disclosed finances do not demonstrate the ability to operate. Moreover, the Office Equipment should be available for the Trustee to liquidate.

Perhaps the most telling argument against the Confirmation of this Plan is located on Page 23 of the Summary of Assets and Liabilities. On this page Debtor states that her monthly income is $1,250.00

---

[2] As argued hereinafter, the Debtor's Plan makes no mention of, or provision for, the payment of Greenbelt's monthly rent in the sum of $3,117.34, which is a willful and significant financial omission.
[3] The City's pending Motion seeks to set-off the amount of the Security deposit placed by Debtor.

while the expenses are a negative $3,237.83, leaving a negative monthly operating expense, which would, among other things, explain why Debtor has been unable to pay Greenbelt her monthly commercial rent. However, the financial data does not disclose in any transparent fashion how Debtor has been able to operate and pay its obligations in the regular course of a commercial business. Moreover there is lacking documentation to support Debtor's unsubstantiated hope that she will make more money in 2018 due to the receipt of a contractual award (Page 23, ¶13).

Furthermore, Debtor appears not to include her business expenses in the Schedule of Assets and liabilities, but rather, she includes her personal, household expenses, although, in actuality, this is a business Bankruptcy filed to stop eviction proceedings by the City of Greenbelt (See Expenses, Page 25).[4] In any event, last calendar year, 2017, Debtor reports an actual loss for the business operation of $40,950.00. Yet, Debtor continues to assert that her debts are primarily consumer obligations (Page 29).

### (C). Chapter 13 Statement of Current Monthly Income and Commitment Period.

This Statement merely reinforces the fact that the Debtor operates at a significant monthly actual cash deficit. The bottom line is that the monthly net business income is minus $3, 237.83 (Pages 1-4), which indicates that the business is essentially insolvent, or unable to pay its rent to Greenbelt in the regular course of business.

### III. LAW/ARGUMENT.

### (A). Confirmation of Chapter 13 Plan- 11 U. S. C. §1325.

Pursuant to 11 U. S. C. §1325, the Statute provides "(a) Except as provided in subsection (b), the Court shall confirm a plan if- ...
(3) the plan has been proposed in good faith and not by any means forbidden by law;
(4) the value, as of the date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of the title on such date...
(6) The debtor will be able to make all payments under the plan and to comply with the plan;
(7) the action of debtor in filing the petition was in good faith;...

(b) (1) If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the Plan, then the court may not approve the plan unless, as of the effective date of the plan-
   (A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
   (B) the plan provides that all of the debtor's projected disposable income to be received in the

---

[4] Debtor does at least admit that she is the owner of a commercial business located at 15 Crescent Drive, which is the City of Greenbelt's Community Center (Page 33, Part 11¶27).

applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan..."

**(B). The Chapter 13 Plan Proposed by Debtor is Filed is in Bad Faith.**

**(1) The Chapter 13 Plan is Without Merit and is a Bad Faith Filing.**

Essentially, the Chapter 13 Plan of Debtor is illusory, if not a sham. Debtor has a past history of filing numerous bankruptcy proceedings of a dubious nature. However, in Debtor's last bankruptcy proceeding, she managed to obtain a Chapter 7 Discharge in Case # 13-10689, (Greenbelt Division) while failing to make her Landlord, Greenbelt, a party to the proceedings, or to provide notice. At the time of this prior filing, Debtor was already delinquent for two months' rent due to Greenbelt. Over the years, that rental delinquency increased to $59,735.80 as of the filing of this Chapter 13 proceeding. Debtor's Lease with Greenbelt was effectively rejected but Debtor remained wrongfully in possession of the Property.

Debtor has been provided vacate notices, but Debtor refused to vacate the property, and was sued for unpaid rent by the Greenbelt in November, 2017. After a bogus Chapter 7 proceeding filed in November, 2017, by Debtor, she then filed the instant proceeding. In essence this proceeding is not about financial reorganization; rather, it is nothing less a blatant attempt to remain in Greenbelt's property until Debtor can find a place to relocate, although her Plan does not so state this fact. Debtor filed this Plan to retain possession of a Property when she should have vacated Greenbelt's Facility, but Debtor is now using this Proceeding as a sword to occupy Greenbelt's Property when she no legal right to remain in the premises.

Debtor's Second Defense to the Pending Motion of Greenbelt states:

> "...The Debtor's leasehold interest in the premises and possession thereof is necessary to an effective organization, <u>because the Debtor has not been able to finalize the necessary arrangements to move the business and clientele to another location.</u> Further, this is Debtor's source of income. The income from the business is not only necessary to an effective reorganization but essential."

In essence, what this Proceeding and Plan constitutes is a strong-arm attempt to retain occupancy of the Property while eliminating the large rental delinquency, without offering adequate protection to Greenbelt. The Debtor is essentially insolvent. A cursory review of the Assets and Liabilities of the Debtor indicate that the business has a negative net worth,

4

and a substantial monthly operating deficit. There is wholly insufficient income to meet expenses in the ordinary course of business, and there is no actual business to reorganize.

Debtor's financial data materially misrepresents the impression that the business is solvent, when in fact there is insufficient income to operate. Moreover, Debtor's Plan fails to account for the monthly rent due Greenbelt in the sum of $3,117.34, which is clearly deceitful. This omission of the current rent due Greenbelt not being reflected in any filed documentation in the Plan gives a false impression that the business is somehow less debt-ridden that the business is in reality, (See, e.g., In Re Fox, 521 B. R. 520, (Bankr. D. MD., 2014) wherein the Court discusses Debtor's obligation to provide accurate schedules and information). There is no likelihood that Debtor will be able to make the proposed plan payments. The income and expense information give a false composite of the actual financial status of Debtor's business. Material misrepresentations are factors which the Court may consider in deciding whether this action is filed in bad faith. *In Re Fox, Id.*

### (C) Debtor Has Intentionally Misrepresented the Security Deposit to the Court,

Debtor placed a one month security deposit with the City. This one month deposit is typical of many commercial leases. As set forth in Exhibits 1 and 2, Debtor is well aware that she only placed a one month deposit with Greenbelt. Nevertheless, in an attempt to gain some unfair financial advantage against Greenbelt, Debtor has claimed that she has a $13,000.00 security deposit with Greenbelt. This claim is simply untrue and this fact is supported by Greenbelt's documentary evidence establishing the amount of the deposit. Moreover, this claim by Debtor of a large security deposit is just further evidence of the bad faith filing in this proceeding.

### (D). Debtor has Insufficient Assets to Make Plan Payments.

As stated above, the Debtor's own financial data indicates that there is insufficient income to make even the token plan payments to the unsecured creditors. The Plan does not attribute rent and other operating expenses to any new location where Debtor would move. The Revenue also fails to demonstrate that Debtor can pay the Plan payments with the current rent.

## IV. CONCLUSION

This Proceeding, and the Plan of the Debtor, have been filed in bad faith, with material financial misrepresentations, omissions about rental expenses and operating expenses. The business of Debtor is essentially insolvent, has negative monthly income and a negative net worth of the business. There is no likelihood of a reorganization, and Debtor has inadequate income necessary to fund the Plan and maintain operation of the Debtor's business. Moreover, the Plan fails to provide adequate protection for the large pre-petition rental delinquency. Confirmation of this Plan should be rejected, and the Bankruptcy dismissed.

Respectfully submitted,

/s/  Ronald M. Miller
Ronald M. Miller (Bar # 11178)
Ronald Miller Law, LLC
Attorney for City of Greenbelt, Maryland
P. O. Box 805
Beltsville, Md. 20704-0805
Tel: (301) 595-9955
Fax: (301) 937-8969
**ron@ronaldmillerlaw.com**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above CITY OF GREENBELT, MARYLAND'S OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN will be served via CM/ECF to all Counsel electronically and to all creditors on the attached list to receive e-mail notice/service for this case and/or by first class mail, postage prepaid to the following parties, on this the 9th day of April, 2018,

Upon the following parties, individuals, by CM/ECF filing:

Rowena Nelson, Esquire,                   Timothy P. Branigan, Trustee
information@rnnlawmd.com                  cmecf@chapter13maryland.com

Ronald M. Miller, Esquire
ron@ronaldmillerlaw.com

Upon the following party, by first class mail, postage prepaid to:

LaWonne Eleanora Ager-Wells (Debtor)
a/k/a/ LaWonne Booker
6514 Marlboro Pike
District Heights, Maryland 20747

           /s/   Ronald M. Miller
        Ronald M. Miller (Bar # 11178)
        Ronald Miller Law, LLC
        Attorney for the City of Greenbelt, Maryland
        P. O. Box 805
        Beltsville, Md. 20704-0805
        Tel: (301) 595-9955
        Fax: (301) 937-8969
        ron@ronaldmillerlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | |
|---|---|---|
| IN RE: | * | |
| LaWonne Eleanora Ager-Wells, | * | Case No. 18-11082-TJC |
| Debtor | * | Chapter 13 |
| | * | |
| City of Greenbelt, Maryland | * | |
| Movant | * | |
| vs. | * | |
| LaWonne Eleanora Ager-Wells, | * | |
| Respondent. | * | |

**EXHIBIT LIST FOR MOVANT, THE CITY OF GREENBELT, MARYLAND'S, OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN**

Exhibit #1. Lease between City of Greenbelt, Maryland and Debtor, dated October 31, 2005, Pages 1,2,13.

Exhibit #2. Letter from David E. Moran, Assistant City Administrator to Debtor dated March 30, 2005, outlining Security Deposit Requirements, One Month Rent as Security Deposit

Greenbelt Recreation Department
City of Greenbelt, Maryland

## GREENBELT COMMUNITY CENTER
Adult Day Care Center

### FACILITY LEASE

THIS LEASE is made and executed this 31st day of October, 2005, by and between the City of Greenbelt, Maryland, hereinafter referred to as "Landlord", and To God Be The Glory Adult Care Centers, hereinafter referred to as "Tenant".

WITNESSETH, that for and in consideration of the rents, covenants and agreement herein contained, the parties hereto mutually agree as follows:

1. DESCRIPTION OF PREMISES

The Landlord agrees to and does hereby lease to the Tenant, and the Tenant agrees to and does hereby release from the Landlord, subject to the terms and conditions of this Lease, the premises contained in the Greenbelt Community Center, 15 Crescent Road, Greenbelt, Maryland 20770, and described as the "Adult Day Care Space" including area 20, including adjoining offices and storage rooms; kitchen; and toilets; all of which hereinafter referred to as the "Lease Premises". As outlined on Exhibit "A' attached hereto and made a part thereof.

2. LEASE TERM

The term of this Lease shall be for one year. The Lease shall commence on the 1st day of November, 2005, and terminate on the 31st day of October, 2006. Landlord and tenant agree to meet halfway through the Lease term.

3. POSSESSION

Landlord hereby agrees to give possession of the Lease Premises to Tenant on November 1, 2005. If Landlord shall be unable to tender possession on November 1, 2005, for any reason, rent reserved herein shall not commence until possession of the Lease Premises is tendered to Tenant. In the event possession is delayed for more than ninety (90) days from November 1, 2005, Tenant shall have the right to cancel this Lease or to extend the time for possession, at its sole discretion. No failure by Landlord to give possession on November 1, 2005, shall in any way affect the validity of this Lease or the obligation of Tenant hereunder, nor shall it be construed to extend or reduce the Lease term unless agreed upon in writing by Landlord and Tenant.

4. RENT

The tenant hereby covenants and agrees to pay during the term hereof a monthly rent of $3,117.34 beginning on the 1st day of November, 2005, and continuing on the 1st day of each ensuing month through October 2006.



EXHIBIT
# 1- Lease
Pgs. 1,2,13

All payments called for as rent or additional rent herein shall be subject to a 10% late penalty charge, at Landlord's discretion, if not paid within 5 days of the due rent. Such penalty charge shall be considered additional rent hereunder.

Rental payments shall be made payable to the City of Greenbelt, at 15 Crescent Road, Greenbelt, Maryland 20770.

5.   SECURITY DEPOSIT

Tenant hereby agrees that Landlord will hold previous paid one month security deposit in the amount of $3,026.54 through the term of the lease.

6.   UTILITIES

The Landlord shall pay, or cause to be paid, all charges for water, sewer, gas, electricity, security system, light, heat or power for the Lease Premises. The Landlord shall supply reasonable heat and air conditioning for the Lease Premises. The Landlord shall be entitled to approve all proposals by the Tenant to add any equipment to the Lease Premises. If any proposed equipment will (in the sole discretion of Landlord) cause Tenant to utilize a greater than normal (again in the sole discretion of Landlord) demand on a particular utility, Tenant shall pay as additional rent, a charge for such demand. If tenant refuses to pay such, equipment will not be approved by Landlord. The Tenant agrees to pay, or cause to be paid, all charges attributable to the Lease Premises for telephone installation, monthly fees and maintenance, cable television, or any other utilities it uses which are not payable by the Landlord and listed hereinabove. All equipment listed on Exhibit "B" attached thereto is hereby approved by Landlord without any additional payment for any utility unless provided therein.

Air conditioning will be operational on or about May 1 of each year, and heat will be operational on or about October 1 of each year. These dates may be adjusted according to environmental conditions at the sole discretion of the Landlord.

The Landlord shall provide sufficient electrical outlets to allow for the functioning of the adult day care, including its office equipment, kitchen appliances and related equipment as approved by Landlord.

7.   TRASH AND RECYCLING

The Landlord will provide trash and recycling disposal in the designated pick up area. The Tenant is required to transport trash and recycling to assigned disposal area. Trash and recycling is to remain in appropriate containers at all times.

8.   USES

A.   Tenant agrees continuously to use and occupy the Lease Premises as an Adult Day Care and for no other purpose. Tenant covenants to comply with the provisions of all building, zoning, fire, and other governmental laws, ordinances, regulations, or rules applicable to the Lease Premises and all requirements of the carriers of insurance covering the Building or the land on which the Building is located. Tenant shall not do or permit anything to be done in or about the Lease Premises, or bring or keep anything in the Lease Premises that may increase the fire and extended coverage insurance premium upon the Building; that may injure the Building; may constitute water damage, or be a nuisance, public or private or menace to tenants of adjoining premises or anyone else.

2

34. APPLICABLE LAW

This lease and the terms herein shall be interpreted pursuant to the law of the State of Maryland.

35. TENANT RIGHT OF EARLY TERMINATION

Landlord acknowledges that Tenant relies on grants, loans and other sources of financial support from the State of Maryland ("State Financial Assistance") in order to fund a significant portion of its cost of operation, including the Tenant's rental obligation to the Landlord under the Lease. Accordingly, if for any reason, this State Financial Assistance is terminated or reduced by more than 33 1/3 percent, and in such event, the Tenant shall have the right, but not the obligation, at the time of such termination or reduction, or at any time thereafter, to terminate this Lease upon not less than thirty (30) days prior written notice to the Landlord, in which event, this Lease shall be deemed terminated and the parties hereto shall be relieved of further rights and obligations hereunder.

WITNESS:

David E. Moran
_____

CITY OF GREENBELT, MARYLAND
LANDLORD:

_Michael McLaughlin_
Name: Michael McLaughlin
Title: City Manager
Date: 10/31/05

WITNESS:

_____

TENANT:

_LaWanna Booker_
Name:
Title:
Date: 10/31/05

LaWanna Booker
CEO
To God Be The Glory Adult Care Center

13

# CITY OF GREENBELT, MARYLAND

### OFFICE OF THE CITY MANAGER
25 CRESCENT ROAD, GREENBELT, MD. 20770



March 30, 2005

**Michael P. McLaughlin**
City Manager

LaWonne Booker, CEO
To God Be The Glory Financial Services
9500 Arena Drive, Suite 102
Largo, Maryland 20774

Dear Ms. Booker:

Thank you for your telephone call today. To summarize our conversation, before the City can approve the assignment of the Lease for the Adult Day Care Center, the following items are required:

1. The "Assignment of Lease" document bearing original signatures of both signatories and witnesses.
2. Payment of a security deposit equal to one month's rent (currently $3,026.54).
3. Proof of liability insurance.
4. A copy of your State of Maryland license to operate an adult care center
5. A detailed letter addressing your plan for the executive management of the adult care center as requested in Mr. McLaughlin's letter of March 22, 2005.

Please feel free to contact me if you have any further questions.

Sincerely,

David E. Moran
Assistant City Manager

cc: City Council
Michael P. McLaughlin, City Manager
Robert Manzi, City Solicitor
Christal Batey, CRA

EXHIBIT #2- Letter from City re Security Dep

```
Label Matrix for local noticing          City of Greenbelt, Maryland            Acceptance Now
0416-0                                   Ronald Miller Law, LLC                 5501 Headquarters Dr
Case 18-11082                            P. O. Box 805                          Plano, TX 75024-5837
District of Maryland                     Beltsville, MD 20704-0805
Greenbelt
Sun Apr  8 18:54:38 EDT 2018

Acceptance Now                           (p)CAPITAL ONE                         Capital One
Attn: Bankruptcy                         PO BOX 30285                           Attn: General Correspondence/Bankruptcy
5501 Headquarters Dr                     SALT LAKE CITY UT 84130-0285           Po Box 30285
Plano, TX 75024-5837                                                            Salt Lake City, UT 84130-0285


City of Greenbelt                        Comptroller of the Treasury            Credit Acceptance
c/o Ronald Miller Law, LLC               Compliance Division, Room 409          25505 West 12 Mile Rd
P.O. Box 805                             301 W. Preston Street                  Suite 3000
Beltsville, MD 20704-0805                Baltimore, MD 21201-2305               Southfield, MI 48034-8331


Credit Acceptance                        Fair Collections & Outsourcing         Fair Collections & Outsourcing
Po Box 513                               12304 Baltimore Ave Ste                12304 Baltimore Ave Suite E
Southfield, MI 48037-0513                Beltsville, MD 20705-1314              Beltsville, MD 20705-1314


First Premier Bank                       First Premier Bank                     Isaac Dimitrius Vanhook
3820 N Louise Ave                        Po Box 5524                            6108 Silver Hill Road, #217
Sioux Falls, SD 57107-0145               Sioux Falls, SD 57117-5524             District Heights, MD 20747


Kenesha Fennell                          Monica Guilarte                        Ocwen Loan Servicing, Llc
6514 Marlboro Pike Unit #47681           P.O. Box 1607                          1661 Worthington Rd
District Heights, MD 20747-9997          Laurel, MD 20725-1607                  West Palm Beach, FL 33409-6493


Ocwen Loan Servicing, Llc                Premier Bankcard, Llc                  Prince George's County
Attn: Research/Bankruptcy                Jefferson Capital Systems LLC Assignee Treasurer Division
1661 Worthington Rd Ste 100              Po Box 7999                            Room 1090
West Palm Bch, FL 33409-6493             Saint Cloud Mn 56302-7999              Upper Marlboro, MD 20772


Prince Georges County                    State of Maryland DLLR                 Synchrony Bank/ JC Penneys
Treasurer Division                       Division of Unemployment Insurance     Attn: Bankruptcy
Room 1090                                1100 N. Eutaw Street, Room 401         Po Box 965060
Upper Marlboro, MD 20772                 Baltimore, MD 21201-2225               Orlando, FL 32896-5060


Synchrony Bank/ JC Penneys               TekCollect Inc                         TekCollect Inc
Po Box 965007                            871 Park St                            Po Box 1269
Orlando, FL 32896-5007                   Columbus, OH 43215-1441                Columbus, OH 43216-1269


Transworld Sys Inc/33                    Transworld Sys Inc/33                  Verizon
500 Virginia Dr Ste 514                  Tsi                                    Attn: Wireless Bankrupty Admin
Ft Washington, PA 19034-2707             Po Box 15630                           500 Technology Dr Ste 500
                                         Wilmington, DE 19850-5630              Weldon Springs, MO 63304-2225
```

| | | |
|---|---|---|
| Verizon<br>Po Box 650051<br>Dallas, TX 75265-0051 | Verizon<br>by American InfoSource LP as agent<br>PO Box 248838<br>Oklahoma City, OK  73124-8838 | Washington Suburban Sanitary Commission<br>14501 Sweitzer Lane<br>Laurel, MD 20707-5901 |
| Waypoint Resource Grou<br>301 Sundance Pkwy<br>Round Rock, TX 78681-8004 | LaWonne Eleanora Ager-Wells<br>6514 Marlboro Pike<br>District Heights, MD 20747-9997 | Rowena Nicole Nelson<br> Law Office of Rowena N. Nelson, LLC<br>1801 McCormick Drive<br> Suite 150<br>Largo, MD 20774-5326 |
| Timothy P. Branigan<br>9891 Broken Land Parkway<br>Suite 301<br>Columbia, MD 21046-3002 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Capital One
15000 Capital One Dr
Richmond, VA 23238

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)City of Greenbelt
c/o Ronald Miller Law, LLC
P.O. Box 805
Beltsville, MD 20704-0805

End of Label Matrix
Mailable recipients    36
Bypassed recipients     1
Total                  37

Isaac Dimitrius Vanhook
6108 Silver Hill Road, #217
District Heights, MD 20747


Kenesha Fennell
6514 Marlboro Pike Unit #47681
District Heights, MD 20747


Monica Guilarte
P.O. Box 1607
Laurel, MD 20725


Prince George's County
Treasurer Division
Room 1090
Upper Marlboro, MD 20772


Washington Suburban Sanitary Commission
14501 Sweitzer Lane
Laurel, MD 20707